**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN PAUL COOPER, #524906,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-0097-P** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state prisoner

pursuant to 28 U.S.C. § 2254.

Parties: At the time of filing this action, Petitioner was incarcerated at the Stiles Unit of

the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in

Beaumont, Texas.  His whereabouts are presently unknown.  See February 18, 2005 docket entry

documenting returned mailed.  Respondent is the Director of TDCJ-CID.  No process has been

issued in this case.

Statement of the Case:  Following his plea of not guilty, a jury convicted Petitioner of

unlawful possession of a controlled substance, cocaine, and assessed punishment at confinement

in prison for life.  State v. Cooper, F89-81409-VH (Crim. Dist. Court No. 1 of Dallas County,

Tex., Apr. 3, 1992).  The state appellate court affirmed the conviction.  Cooper v. State, No. 08-

92-00160-CR (Tex. App. – El Paso, Aug. 18, 1993, pet. ref'd).

　　Petitioner has filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254,

challenging his conviction.  See Cooper v. Johnson, 3:97cv3045-H (N.D. Tex., Dallas Div., filed

Dec. 12, 1997).  On September 1, 1998, the District Court adopted the findings, conclusions and

recommendation of the magistrate judge and dismissed the habeas petition as barred by the

statute o f limitations.  The Fifth Circuit thereafter denied Petitioner's request for a certificate of

appealability.  See Cooper v. Johnson, No. 98-11112 (5th Cir. March 3, 1999).[1]

　　In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his

cocaine conviction.  He alleges as follows: (1) the prosecutor failed to advise Petitioner that the

retired visiting judge had not renewed his official oath; (2) the grand jury was unconstitutionally

empaneled; (3) court appointed counsel assisted the prosecutor in convicting Petitioner; and (4)

Petitioner was denied the right to proceed pro se on direct appeal.

　　Findings and Conclusions:  The instant petition is subject to the screening provisions set

out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA).  That section provides that a second or successive habeas petition

pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can

be heard in the district court.  See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re

Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or

---

　　　[1]　　Prior to the filing of his 1997 habeas action, Petitioner filed two habeas corpus
actions in this court.  The first action was dismissed for failure to exhaust, see No. 3:1994cv791,
whereas the second one was dismissed for want of jurisdiction, see No. 3:96cv2535.

successive motions pursuant to 28 U.S.C. § 2255).  In <u>Felker v. Turpin</u>, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

The facts underlying the claims at issue in this petition occurred at or before Petitioner's trial or during the course of his appeal, and predated the filing of his 1997 federal habeas petition.  These claims were, thus, available to Petitioner when he filed his 1997 federal petition. <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 866-871 (5th Cir. 2000).  They are, therefore, "second or successive" under the AEDPA.  <u>See</u> <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998) (a subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").[2]

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present petition, this court lacks jurisdiction to consider the same.  <u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir. 1999); <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000).  Therefore, this petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  <u>See</u> <u>In re Epps</u>,

---

[2]     Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second and successive petitions.  <u>See</u> <u>Villanueva v. United States</u>, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); <u>Donaldson v. United States</u>, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); <u>see also</u> <u>Anders v. Cockrell</u>, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner Steven Paul Cooper's last known address at the Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705.

Signed this 24th day of May, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.