**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN PAUL COOPER, #524906,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0097-P |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court filed on June 14, 2005, Petitioner's amended objection to the findings, conclusions and recommendation filed on June 14, 2005, has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

On May 24, 2005, the undersigned filed findings and conclusions recommending that the habeas corpus petition pursuant to 28 U.S.C. § 2254 be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3) (a). On June 9, 2005, the District Court adopted the recommendation over Petitioner's objection and filed its judgment dismissing this habeas action for want of jurisdiction. The next day, Petitioner filed the amended objection presently referred to the magistrate judge. Re-alleging the argument raised in his June 7, 2005 objection, Petitioner states

that he learned of the factual predicate of his first ground for relief on March 10, 2004. As a result, he contends that his first ground (e.g., that the retired visiting judge who presided at his state trial had not renewed his official oath) falls within the exception to 28 U.S.C. § 2244(b)(2)(B)(i) and (ii).[1]

Assuming *arguendo*, as Petitioner alleges, that his first ground could not have been discovered through the exercise of due diligence until March 10, 2004, that fact does not affect whether this federal habeas petition or application is successive. A federal habeas application is either successive or not. The Fifth Circuit has specifically determined that *an application* is second or successive when it raises *a claim* that was or could have been raised in an earlier petition. Orozco-Ramirez, 211 F.3d at 867; In re Cain, 137 F.3d 234, 235 (5th Cir.1998) (per curiam). In a different, but analogous, context, the United States Supreme Court has recognized the distinction between "application" and "claim". See Artuz v. Bennett, 531 U.S. 4, 9 (2000) (discussing procedurally defaulted claims in conjunction with "properly filed" applications). "A 'mixed-application' that contains claims that could have been raised previously and claims that could not have been so raised is nevertheless successive." Cooper v. Cockrell, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D.Tex. Apr.15, 2003); Hubbard v. Cockrell, No. 3:01-CV-

---

[1]    Section 2244(b)(2)(B) reads as follows:
A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1539-X, 2001 WL 1148274, at *2 (N.D.Tex. Sept.18, 2001).

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present application under 28 U.S.C. § 2244(b)(3)(A), this court lacks jurisdiction to consider the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).[2] Accordingly, Petitioner's amended objection to the findings, conclusions and recommendation should be overruled.

---

[2]   Section 2244(b)(3)(A) reads as follows:
   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
28 U.S.C. § 2244(b)(3)(A).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court overrule Petitioner's amended objection, filed on June 10, 2005, to the findings, conclusions and recommendation.

The Clerk will mail a copy of this recommendation to Petitioner Steven Paul Cooper, #524906, Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705.

Signed this 15th day of June, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.